UNITED STATES of America, Appellee,

v.

Jerry D. JEWELL, Appellant.

No. 83–1428–EA.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1983.

Decided Jan. 25, 1984.

Christopher C. Mercer, Jr., Little Rock, Ark., for appellant; Karen L. Arndt, Kaplan, Hollingsworth & Brewer, P.A., Little Rock, Ark., of counsel.

George W. Proctor, U.S. Atty., E.D.Ark., Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and COLLINSON, Senior District Judge.*

COLLINSON, Senior District Judge.

All, Inc., a corporation, entered into a project to build a motel in Little Rock, Arkansas. Financing was secured by a loan in the principal sum of $1,042,700.00, made by Prudential Life Insurance Company and National Old Line Insurance Company of Little Rock, secured by a first mortgage on the property and furnishings. The Economic Development Administration (EDA) made a loan in the amount of $1,350,000.00 secured by a second mortgage on the same property. As additional security on this loan the government required four of the principal stockholders, including this appellant, to each execute a separate guaranty agreement by which each guaranteed the sum of $57,500.00 of the government loan. This project was in financial difficulties from the start and in 1976 the United States instituted this suit against All, Inc. to secure a judgment on its note and foreclose its second mortgage. The government made the holders of the first mortgage defendants in that case and also the four guarantors. A receiver was appointed for All, Inc., and in 1978, the Court ordered foreclosure of the first mortgage. By that order the Court granted the United States,

* The Honorable William R. Collins, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

the holder of the second mortgage, the right of redemption within one year from date of sale and reserved jurisdiction to determine liability of the guarantors. The property was sold by the United States marshal on June 26, 1978, and bid in by the holders of the first mortgage for the exact amount of the mortgage indebtedness. The United States of America exercised its right of redemption on the last day of the year granted by paying the first mortgage holders the exact amount of their bid and received a deed to the property from them. This property is still owned by the United States and is being operated by the Department of Labor as a job training center.

Before the trial on the guarantors' obligations, the Government settled with one guarantor for $3500.00, with another guarantor for $15,000.00, and did not pursue its claim against the estate of the third guarantor who was then deceased. It was stated in the brief and in oral argument that this guarantor died insolvent. After trial, the Court [1] entered a judgment against the appellant Jerry D. Jewell, the fourth guarantor for $57,500.00, from which he appeals.

We will first dispose of the appellant's argument that it is inequitable to hold the appellant liable for the full amount of his guaranty when the claims against two of the other guarantors were compromised and against the fourth guarantor was abandoned. Each of the guarantor's obligations was several and completely independent of each of the other guarantor's obligation. The diminished collection from each of the guarantors did not in any way increase or affect the appellant's obligation and there were cited no cases or equitable principles on which the appellant can rely to sustain this argument.

The appellant argues that the overall picture of this entire transaction is that the government acquired this property for the amount it paid the first mortgage holders plus the amount due on its note secured by the second mortgage, and the value of the property far exceeded the total of these two sums and that therefore the government suffered no loss and appellant should not be liable on his guaranty. The logic of this argument seems inescapable if the facts support the premise that the market value of the property acquired by the government on the date of the redemption exceeded the total of these two sums. This conclusion is fully supported by the late decision of this Court, *Regional Investment Company v. Allen Peter Dennis Haycock, et al.,* 723 F.2d 38 (8th Cir.1983). At the trial, the appellant testified that he believed the property acquired by the government had a value of $4,000,000.00. There was no attempt to qualify him as an appraiser and neither the appellant nor the government offered any competent evidence on the value question, and of course the trial court did not, and could not, make any finding on this issue. In all fairness to the appellant, we find that this issue should be determined. The cost to the government of the property it acquired by exercising its right of redemption was the amount it paid the first mortgage holders plus the amount due on that date on the note secured by the second deed of trust. If the fair market value of the property on the date the government redeemed and received its deed equaled or exceeded the total of those two amounts, the appellant owes nothing on his guaranty. If the fair market value on that date was less than the total of these two amounts, the appellant is liable for the deficiency up to the total amount of $57,500.00.

The judgment in this case is therefore reversed and the cause remanded to the district court to make the necessary findings and enter judgment in accordance with this opinion.

---

1. The Honorable Elsijane Trimble Roy, United States District Judge, United States District Court for the Eastern District of Arkansas.