757 F.2d 205
 UNITED STATES of America, Appellee,
v.
ALL, INC., Jerry D. Jewell, Appellant.
Roosevelt Brown, Paul L. Dorton, Spender Jordan, Robert J.
Conrad, Trustee for National Old Line Insurance Company and
the Prudential Insurance Company of America, Minute Man,
Inc. d/b/a Dixie Equipment Company, Advertising Industries,
City of Little Rock, Arkansas by the Little Rock Sanitary
Sewer Committee, Walter Skelton, Asst. Director of Finance
and Administration, State of Arkansas; Charles L. Daniels,
Director, Arkansas Department of Labor.
 No. 84-2124.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1985.
Decided March 18, 1985.
 
 Christopher C. Mercer, Jr., Little Rock, Ark., for appellant.
 Fletcher Jackson, and Katherine Savers McGovern, Asst. U.S. Attys., Little Rock, Ark., for appellee.
 Before HEANEY and BRIGHT, Circuit Judges, and HANSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Jerry Jewell appeals from the district court's entry of judgment against him for $57,000 in satisfaction of a guaranty he had provided to help secure a $1,350,000 loan from the Economic Development Administration (EDA). For reversal, he contends that the district court erred in determining the fair market value of the property for which the loan was made. We affirm.
 
 
 2
 Jerry Jewell, a Little Rock dentist, guarantied part of a second mortgage held by the EDA on a Red Carpet Inn. When the hotel went bankrupt, the United States foreclosed on the first mortgage and obtained a right of redemption within one year of the date of sale. It exercised this right and paid the first mortgage holders the amount of their bid and received the deed. It also settled with the guarantors other than Jewell, and obtained a $57,000 judgment against him, from which he appealed.
 
 
 3
 On a previous appeal in this case, United States v. Jewell, 726 F.2d 398 (8th Cir.1984), this Court remanded the case for evaluation of the property in light of Jewell's argument that its value far exceeded the amount the government paid the first mortgage holders plus the amount due on the second mortgage. Jewell's experts valued the building at about $4 million, while the government's expert estimated a value of $1.4 million. The court accepted the latter figure from which Jewell appeals.
 
 
 4
 Jewell argues that the district court improperly discounted the testimony of his expert witnesses regarding the value of the motel, while improperly giving too much credence to the testimony of the government's expert witness. We cannot agree.
 
 
 5
 Although the district court admitted all of the expert testimony that Jewell offered, it explained in its memorandum opinion why it found this evidence less credible than the government's expert testimony. Simply put, Jewell's witnesses were local businessmen whose experience is inapposite to this case. Sidney Thom, a local mortgage banker (but admittedly not an appraiser) had not inspected the building and did not justify several of his conclusions or assumptions. Andrew Jeffries, a part-time appraiser and bail bondsman, admittedly had little commercial appraisal experience and failed to reason to his conclusion. Finally, Dr. Jewell had no professional appraisal experience and was admittedly subjective in that his testimony placed him in the role of judging his own cause.
 
 
 6
 In contrast, the government's witness, Suzanne Mellen, is a professional appraiser with a degree in hotel management. Although she stayed in Little Rock only five days and had been in her current job only a short time, she had appraised ten hotels when she did this appraisal, and at the time of her trial testimony, had appraised 114 hotels. Although Jewell faults Mellen's inexperience with the Little Rock market, Mellen argues persuasively that hotels derive a substantial part of their value from the national market, with which she had ample experience. In addition, the district court suggests that her appraisal explained its assumptions and reasoned to its conclusions properly, carefully elaborating its methodology,[1] conclusions and supporting details.
 
 
 7
 Having carefully reviewed the record, we cannot say that the district court's findings were clearly erroneous. Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation
 
 
 [1]
 For instance, she justifies her use of the "income approach" (Appellee's brief at 9-10), which Jewell's witnesses failed to do